[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
This is a motion by the defendant to suppress certain seized property, namely crack cocaine, as well as certain post-custodial pre-Miranda statements allegedly made by him.
On July 28, 1996 Officers William Fox and Henry Racki were on patrol in the Walnut Street area of Waterbury. At approximately 10:30 P.M. they passed by a group of young men near 19-23 Walnut Street. They had their windows of their marked patrol car down and they smelled a strong odor of marijuana smoke. It appeared to be coming from the young men. They passed by the group of young men and circled the block to return to them. Officer Fox pulled his vehicle in a driveway adjacent to the group and immediately exited with his flashlight on. The group of men tensed, separated and stopped moving, except for one man. That man, the defendant, turned and walked away from Officer Fox.
Officer Fox held his flashlight beam on the back of the defendant and saw a plastic bag protruding from his right hand. CT Page 6472 The defendant was ordered several times to stop by Officer Fox. The defendant then walked into a driveway with Officer Fox following him a distance of 6-8 feet. The defendant then put his right hand containing the plastic bag into a garbage can. The defendant then turned around and looked at Officer Fox, turned his two hands and said "What's up?".
Officer Fox immediately went to the garbage can and retrieved a clear plastic bag containing white rock-like (cocaine) substances in smaller zip lock bags. Officer Fox then placed the defendant under arrest. A second incident to that arrest revealed that the defendant had on his person another bag of a green leafy-like substance (marijuana) and $1,130.00 in cash. After he was arrested the defendant made several statements to Officer Fox to the effect that he was not the owner of the contraband and that Officer Fox had no business to come on his, the defendant's property. The defendant was never interrogated by the police.
The parties stipulated that the defendant resided at 19 Walnut Street and that the unlidded garbage can was adjacent to that building in the driveway.
The defendant argued at the hearing that he wished to contest the legality of the search of the garbage can wherein the cocaine was found by Officer Fox. He claims that the can was within the curtilage of the defendant's residence and that he had a reasonable expectation of privacy in that garbage can. He also sought to pursue the suppression of his post custodial pre-Miranda statements.
Under the totality of circumstances in this case the court finds that Officer Fox had a reasonable and articulable suspicion that the defendant was engaging in or about to in criminal activity, namely possession or sale of illegal drugs.State v. Lamme, 216 Conn. 172, 184 (1990). Thus Officer Fox's commands to halt were justified and his plain view of the defendant's disposal of the plastic bag into the garbage can in a public area justified its retrieving.
Accordingly, the motion to suppress is denied.
GILL, J. CT Page 6473